UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| ALBERTA LOUISE PERRY, surviving spouse and next kin of VINCENT MCKINNEY, deceased, | ) ) ) ) | | |
| Plaintiff, | ) ) | | |
| v. | ) ) | No.: | 3:21-CV-414-KAC-JEM |
| JENKINS & STILES, LLC, and NCI GROUP, INC, d/b/a/ METL-SPAN, | ) ) ) | | *Lead Case Consolidated with* |
| Defendants. | ) ) ) | | |
| ALBERTA LOUISE PERRY, surviving spouse and next kin of VINCENT MCKINNEY, deceased, | ) ) ) ) | | |
| Plaintiff, | ) ) | | |
| v. | ) ) | No.: | 3:22-CV-132-KAC-JEM |
| NUCOR INSULATED PANEL GROUP, INC, d/b/a METL-SPAN | ) ) ) ) | | |
| Defendant. | ) | | |

**ORDER**

Before the Court is "Plaintiff's Motion for Leave to File Consolidated (and Amended) Complaint" [Doc. 49]. Plaintiff brought a negligence action against Jenkins & Stiles, LLC and NCI Group, Inc. in case number 3:21-cv-414-KAC-JEM [Doc. 1]. In answer to the Complaint, Jenkins & Stiles, LLC asserted as an affirmative defense the comparative fault of Nucor Insulated Panel Group, Inc. [Doc. 15 ¶ 8]. Pursuant to Tennessee Code Annotated § 20-1-119, Plaintiff filed a separate action against Nucor Insulated Panel Group, Inc. in case number 3:22-cv-132-KAC-JEM and subsequently moved to consolidate the cases without opposition [Doc. 42]. On June 6, 2022, the Court granted Plaintiff's motion and consolidated the two cases [Doc. 46]. Plaintiff now

1

moves for leave to "file a Consolidated Complaint, pursuant to Fed. R. Civ. P. 15 in Case No. 3:21-CV-00414 to include the allegations contained in Plaintiff's Complaint (D.E. 1) that was filed in Case No. 3:22-CV-132" [Doc. 49 at 1]. Plaintiff additionally seeks to amend the Complaint filed in 3:22-CV-132-KAC-JEM "in response to the motion to dismiss" filed by Nucor Insulated Panel Group, Inc. [*Id.* at 1-2]. In support, Plaintiff "submits it is in the interests of clarity and judicial economy to have a single consolidated complaint" [*Id.* at 2]. Plaintiff, however, does not indicate why, and if so how, two separate actions should continue if Plaintiff is permitted to file one "single consolidated complaint" with all Parties and allegations [*See id.*]. Additionally, the title of Plaintiff's memorandum in support states that her motion is "unopposed," but Plaintiff's motion and memorandum do not substantively indicate Defendants' positions [*See* Docs. 49, 50].

Accordingly, the Court **ORDERS** Plaintiff to file a supplemental brief on or before **July 15, 2022**. Plaintiff shall address how filing her Proposed Consolidated Complaint in 3:21-cv-414-KAC-JEM would impact her cause of action asserted in 3:22-cv-132-KAC-JEM and whether separate actions should continue if the Court grants Plaintiff's motion. Plaintiff shall also address whether her request is unopposed by all Defendants. In the event that any Defendant opposes "Plaintiff's Motion for Leave to File Consolidated (and Amended) Complaint" [Doc. 49], Defendants' deadline to respond is **STAYED** until fourteen (14) days after Plaintiff files her supplemental brief.

SO ORDERED.

s/ Katherine A. Crytzer  
KATHERINE A. CRYTZER  
United States District Judge